EXHIBIT M — Assistant Provost Response Email Thread on Probation Label

THE UNIVERSITY OF MISSISSIPPI

Omokhodion Eriakha <oeriakha@go.olemiss.edu>

## Response to June 30 Memorandum and Appeal Process Concerns
5 messages

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>           Mon, Jul 7, 2025 at 7:22 AM
To: "Noel E. Wilkin" <nwilkin@olemiss.edu>
Cc: deambros@olemiss.edu, registrar@olemiss.edu, provost <provost@olemiss.edu>, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, Erin Renee Holmes <erholmes@olemiss.edu>, Meagen Marie Rosenthal <mmrosent@olemiss.edu>

**Dear Dr. Wilkin,**

Good morning. I hope this email finds you well.

I am writing in response to the June 30, 2025, memorandum issued by the Department of Pharmacy Administration, which recommends that I be placed on academic probation for alleged **"disruption"** during a thesis presentation held on June 25, 2025.

In light of the procedural protections guaranteed under both **federal law and university policy**, I must respectfully note that I am **currently unable to meaningfully participate in the appeal process**.

Important information necessary to prepare a fair and informed appeal has not yet been made available.

I have provided additional context and explanation in the attached document.

Thank you for your time and consideration. I look forward to receiving the information needed to ensure a fair and transparent appeal process.

Sincerely,
Alfred Eriakha

--
**Alfred Eriakha**
PhD Student
Department of Pharmacy Administration
The University of Mississippi
oeriakha@go.olemiss.edu
+1-662-380-0924

**3 attachments**

- 📄 **07_07_25 ~ Rebuttal False Accusatory Memorandum.pdf**
  279K

- 📄 **07_01_25 ~ Academic Discipline Letter.pdf**
  44K

- 📄 **06_30_25 ~ Retaliation (False Accusation).docx**
  22K

---

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>           Tue, Jul 8, 2025 at 1:16 PM
To: "Noel E. Wilkin" <nwilkin@olemiss.edu>
Cc: deambros@olemiss.edu, registrar@olemiss.edu, provost <provost@olemiss.edu>, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, Erin Renee Holmes <erholmes@olemiss.edu>, Meagen Marie Rosenthal <mmrosent@olemiss.edu>, jasimmon@olemiss.edu

Hi Dr. Wilkin,

I hope this email finds you well.

I am writing to follow up on the June 30, 2025, memorandum issued by the Department of Pharmacy Administration, which recommends that I be placed on **"academic probation"** for alleged **"disruption"** during a thesis presentation held on June 25.

Dr. Simmons—copied here—kindly responded to me via an unrelated email thread from 2024. To maintain transparency and continuity, I am copying and responding to Dr. Simmons statements in that email here.

**Dr. Simmons:** *"Since your case was initiated on July 1, you should be able to upload appeals documents in MyOleMiss using the link in the email you received."*

**My response:**
Thank you for the clarification. As detailed in my July 7 letter (attached again for convenience), my concern is not with access to the submission portal.

**Dr. Simmons:** *"Are there issues preventing you from submitting your appeal and supporting documents in MyOleMiss?"*

**My response:**
Yes. I am unable to meaningfully prepare an appeal due to the absence of the most basic information typically required to meet due process standards, including:

- A **clear and specific description of the conduct** alleged to constitute **"disruption"**,
- **Citation** of the **exact departmental or university policy** I am alleged to have **violated,** and
- Disclosure of the **specific evidence** supporting this allegation.

**Dr. Simmons:** *"You have until July 15 to appeal."*

**My response:**
I understand that the appeal window remains open until July 15. I have already submitted a formal letter to Dr. Wilkin outlining my concerns, which I am reattaching to this email. I respectfully reiterate that I remain fully willing to submit a complete appeal—once I am provided with the necessary information to do so in a fair and informed manner.

**Dr. Simmons:** *"From what I can tell, the sanction imposed does not affect your ability to register for and take classes."*

**My response:**
While it may not affect course registration, the impact is far more serious. The accusation has caused significant emotional distress and poses the risk of lasting harm to my academic record, reputation, future educational opportunities, and professional prospects.

**Dr. Simmons:** *"This sanction is a warning not to repeat the behavior described in the instructor's submission."*

**My response:**
Respectfully, no such **"behavior"** has been described to me. If there is a specific account of the **"alleged behavior"**, I would be grateful to review it.

**Dr. Simmons:** *"Repeating the offense could result in increased punishment."*

**My response:**
I hope I am still **presumed innocent until proven otherwise.** I have not been found responsible for any offense through a formal adjudication process. Stating that **"repeating the offense"** could result in further punishment implies a presumption of guilt without due process—something I trust the university would not endorse.

As documented in my July 7 letter, both **constitutional** and **university policies** guarantee a minimum standard of due process protections—especially in cases involving reputational harm or disciplinary action. I remain committed to following institutional policies and procedures and sincerely hope the department of pharmacy administration will uphold the same commitment.

I look forward to receiving the necessary information to ensure a fair, informed, and procedurally sound appeal process.

Thank you again for your time and consideration.

Sincerely,
**Alfred Eriakha**

7/14/25, 7:57 AM — University of Mississippi Mail - Response to June 30 Memorandum and Appeal Process Concerns

Graduate Student, Pharmacy Administration
The University of Mississippi
[Quoted text hidden]

---

**3 attachments**

- 06_30_25 ~ Retaliation (False Accusation).docx — 22K
- 07_01_25 ~ Academic Discipline Letter.pdf — 44K
- 07_07_25 ~ Rebuttal False Accusatory Memorandum.pdf — 279K

---

**Jennifer A Simmons** <jasimmon@olemiss.edu>  Thu, Jul 10, 2025 at 4:35 PM
To: "oeriakha@go.olemiss.edu" <oeriakha@go.olemiss.edu>, Noel E Wilkin <nwilkin@olemiss.edu>
Cc: "registrar@olemiss.edu" <registrar@olemiss.edu>, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, Erin Renee Holmes <erholmes@olemiss.edu>, Meagen Marie Rosenthal <mmrosent@olemiss.edu>, Kelley Jenkins <kdjames@olemiss.edu>

Hi, Alfred.

Thank you for your response, and I apologize for not addressing your questions and concerns from your July 7 email in a previous response.

Dr. Holmes emailed you an explanation of the allegations against you. Also, she detailed these allegations against you in the submission that initiated the case. If you have not already, I encourage you to review it. Dr. Holmes also cited information from the University's M Book, the student handbook that provides information on students' rights, university policies, student conduct, and other relevant matters.

In your appeal, you can provide evidence to refute the allegations against you. If you have trouble uploading or attaching documents, the chair of the Academic Discipline Committee can assist you.

I have attached the university policy that provides information on examples of academic misconduct and the process by which students can challenge recommended sanctions.

As you navigate this process, I want to emphasize that the university values fairness and transparency. It is our responsibility to ensure that you are treated with respect and that your rights are upheld at every stage.

If you have any further questions, please don't hesitate to reach out.

Jennifer

[Quoted text hidden]

- Academic Discipline .pdf — 482K

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>  Thu, Jul 10, 2025 at 4:37 PM
To: Eriakha Ehiremen Bennard <eriakhabernard@gmail.com>

Alfred Eriakha
PhD Student
Department of Pharmacy Administration
The University of Mississippi
oeriakha@go.olemiss.edu
+1-662-380-0924

[Quoted text hidden]

📎 **Academic Discipline .pdf**
482K

---

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>  Fri, Jul 11, 2025 at 9:00 AM
To: Jennifer A Simmons <jasimmon@olemiss.edu>
Cc: Noel E Wilkin <nwilkin@olemiss.edu>, "registrar@olemiss.edu" <registrar@olemiss.edu>, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, Erin Renee Holmes <erholmes@olemiss.edu>, Meagen Marie Rosenthal <mmrosent@olemiss.edu>, Kelley Jenkins <kdjames@olemiss.edu>

Hi Dr. Simmons,

Thank you very much for your response. I sincerely appreciate your statement regarding the university's commitment to **fairness** and **transparency**—especially **in light of recent events**.

Respectfully, the **June 30 memorandum**—while asserting that I engaged in **"disruption"**—does not provide a **specific description of the conduct alleged** or include any **supporting evidence**.

To date, I have only received a **general citation** to university policy on **"professional, ethical, and behavioral expectations,"** without any **explanation of what specific conduct I allegedly engaged in** or how that conduct violated those standards. To challenge a recommended sanction as required by due process, **broad references to policy cannot substitute for a clearly articulated allegation** grounded in specific facts and evidence. A **list of general examples from the M Book** does not fulfill the university's obligation to clearly **explain the alleged misconduct** or provide the factual basis supporting that conclusion.

If a more detailed submission exists beyond what was shared in the June 30 memorandum, **I have not received it.**

This lack of essential information significantly undermines my ability to prepare a meaningful appeal and falls short of both university policy and the due process protections guaranteed under federal law.

I must respectfully emphasize that in any disciplinary proceeding—especially at a public institution—the **burden of proof** lies with the institution making the allegation. **I am not required to prove my innocence in response to a vague, and unsubstantiated allegation.** Rather, the department bears the responsibility of **clearly describing its claim** and **providing evidence to support it.** Without this information, I am left in the untenable position of having to defend myself against a label without substance.

As of this writing, I have not received a detailed factual account of the alleged **"disruption,"** nor any specific evidence substantiating the accusation. As stated in my July 7 letter, I remain fully committed to submitting a timely and substantive appeal by the **July 15 deadline.** However, I am unable to do so meaningfully or in good faith unless and until the following minimum due process standards are satisfied:

- A **clear and specific description** of the conduct alleged to constitute **"disruption"**
- Citation of the specific departmental or university policy that **the undescribed conduct is alleged to have violated**
- Disclosure of **the specific evidence** supporting the **unsubstantiated allegation**

Absent this basic information, I am effectively being asked to respond to a label without content—a situation fundamentally incompatible with the university's stated commitments to fairness, clarity, and transparency.

Thank you again for your time and consideration. I respectfully renew my request for the information outlined above and hope to receive it in sufficient time to prepare an informed and substantive appeal.

Sincerely,
**Alfred Eriakha**
Graduate Student, Pharmacy Administration
The University of Mississippi
[Quoted text hidden]