**EXHIBIT O — Assistant Provost Response Regarding Non-Renewal Justification**

**THE UNIVERSITY OF MISSISSIPPI**

Omokhodion Eriakha <oeriakha@go.olemiss.edu>

# Response to June 30, 2025 Memorandum on Assistantship Non-Renewal
7 messages

---

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>  Tue, Jul 15, 2025 at 8:21 AM
To: "Noel E. Wilkin" <nwilkin@olemiss.edu>
Cc: Jennifer A Simmons <jasimmon@olemiss.edu>, deambros@olemiss.edu, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, John Bentley <phjpb@olemiss.edu>, Robert Welch <rlwelch1@olemiss.edu>, provost <provost@olemiss.edu>, "registrar@olemiss.edu" <registrar@olemiss.edu>

Hi Dr. Wilkin,

I hope this email finds you well.

I am writing in response to one of several memoranda issued by the Department of Pharmacy Administration on June 30, 2025, which abruptly informed me of the **non-renewal of my Graduate Research Assistantship** for the 2025–2026 academic year.

On July 7, I submitted a formal rebuttal to a related memorandum—one that alleged **"disruption"** without substantiating evidence and proceeded to recommend **academic probation** without offering any supporting justification or affording due process. This current letter builds upon that initial response.

Thank you for your time and consideration.

Best regards,
Alfred Eriakha

--
**Alfred Eriakha**
PhD Student
Department of Pharmacy Administration
The University of Mississippi
oeriakha@go.olemiss.edu
+1-662-380-0924

---

**4 attachments**

- 📄 **07_15_25 ~ Response Retaliation_Assistantship Non-Renewal.pdf**
  347K

- 📄 **06_30_25 ~ Retaliation (Threats Abilities Transcript_Alfred).pdf**
  93K

- 📄 **06_30_25 ~ Retaliation (False Accusation).pdf**
  177K

- 📄 **06_30_25 ~ Retaliation (Funding Termination).pdf**
  79K

---

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>  Tue, Jul 15, 2025 at 8:22 AM
To: Eriakha Ehiremen Bennard <eriakhabernard@gmail.com>

[Quoted text hidden]

**4 attachments**

- 📄 **07_15_25 ~ Response Retaliation_Assistantship Non-Renewal.pdf**
  347K

- 📄 **06_30_25 ~ Retaliation (Threats Abilities Transcript_Alfred).pdf**
  93K

- 📄 **06_30_25 ~ Retaliation (False Accusation).pdf**
  177K

- 📄 **06_30_25 ~ Retaliation (Funding Termination).pdf**
  79K

---

**Jennifer A Simmons** <jasimmon@olemiss.edu>  Wed, Jul 16, 2025 at 10:36 PM
To: "oeriakha@go.olemiss.edu" <oeriakha@go.olemiss.edu>, Noel E Wilkin <nwilkin@olemiss.edu>
Cc: Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, John P Bentley <phjpb@olemiss.edu>, Robert Welch <rlwelch1@olemiss.edu>, provost <provost@olemiss.edu>, "registrar@olemiss.edu" <registrar@olemiss.edu>

Hi, Alfred.

Thank you for your email sharing your concerns regarding the recent memo issued by the Department of Pharmacy Administration. Graduate Research Assistantships are awarded through the department. Ongoing funding for research assistantships is a departmental decision, where reappointment is contingent upon several factors, as outlined in the memo you received. Please contact Dr. Yang to schedule a meeting if you have any questions regarding the non-renewal of your assistantship.

Given the circumstances you've outlined in your prior emails, you have the right to appeal the decision of academic disciplinary probation. The appeal process ensures that your case is thoroughly reviewed in accordance with university policy. Please be sure to familiarize yourself with the specific steps and timelines associated with the appeal process.

If you have any further questions, please feel free to let me know.

Jennifer

**Jennifer A. Simmons, Ed.D.**
Assistant Provost
The University of Mississippi
Office of the Provost
P.O. Box 1848
141 Lyceum
University, MS 38677-1848
U.S.A.
+1.662.915.5059 (Phone)
jasimmon@olemiss.edu | www.olemiss.edu

---

**From:** Omokhodion Eriakha <oeriakha@go.olemiss.edu>
**Date:** Tuesday, July 15, 2025 at 8:22 AM
**To:** Noel E Wilkin <nwilkin@olemiss.edu>
**Cc:** Jennifer A Simmons <jasimmon@olemiss.edu>, Dani Ambrose <deambros@olemiss.edu>, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, John P Bentley <phjpb@olemiss.edu>, Robert Welch <rlwelch1@olemiss.edu>, provost <provost@olemiss.edu>, registrar@olemiss.edu <registrar@olemiss.edu>
**Subject:** Response to June 30, 2025 Memorandum on Assistantship Non-Renewal

[Quoted text hidden]

---

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>  Wed, Jul 16, 2025 at 11:44 PM
To: Eriakha Ehiremen Bennard <eriakhabernard@gmail.com>

Alfred Eriakha
PhD Student
Department of Pharmacy Administration
The University of Mississippi
oeriakha@go.olemiss.edu
+1-662-380-0924

[Quoted text hidden]

---

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>                               Fri, Jul 18, 2025 at 6:55 AM
To: Jennifer A Simmons <jasimmon@olemiss.edu>
Cc: Noel E Wilkin <nwilkin@olemiss.edu>, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, John P Bentley <phjpb@olemiss.edu>, Robert Welch <rlwelch1@olemiss.edu>, provost <provost@olemiss.edu>, "registrar@olemiss.edu" <registrar@olemiss.edu>

Hi Dr. Simmons,

Good morning. Thank you very much for your response.

I note respectfully that your response did not acknowledge or address my central concern regarding retaliation. Rather, I was referred back to departmental leadership—specifically, the department chair—who is explicitly named in my complaint and directly involved in the adverse actions outlined in my letter. This referral raises legitimate questions regarding the objectivity, fairness, and neutrality of the University's approach to addressing these concerns.

As detailed in my previous correspondence dated July 7 and July 15, I have presented a comprehensive timeline and clear legal basis supporting a ***prima facie* case of retaliation**. My position draws upon established principles outlined by the American Association of University Professors (**AAUP**), the Americans with Disabilities Act (**ADA**), **Section 504** of the Rehabilitation Act, and guidance issued by the U.S. Department of Education's Office for Civil Rights (**OCR**).

While I recognize that funding decisions typically fall within departmental discretion, ***federal law and institutional policies clearly establish that retaliatory actions fall outside such protected discretion***. When materially adverse actions closely follow protected activities and occur without contemporaneous and documented justification, they warrant heightened scrutiny and accountability.

Therefore, **I respectfully renew my request for a formal, contemporaneous, documented, and non-retaliatory explanation from the Department of Pharmacy Administration, clearly specifying the rationale for each of the adverse actions taken against me on June 30, 2025.**

Regarding the separate issue of academic probation, I previously articulated explicit concerns—prior to the July 15 appeal deadline—highlighting procedural deficiencies that call into question the fairness, legitimacy, and constitutional adequacy of the appeals process.

Given these unresolved procedural concerns, I respectfully request formal clarification from the University regarding the following questions:

1. Does the University consider the Department's actions on June 30, 2025, fully compliant with the due process requirements detailed on pages 11–12 of the University's M Book—specifically, the sections titled *Procedures Related to Academic Misconduct Charges, Faculty Discussion with Student*, and *Initiation of Case and Notification to Student*?

2. Does the University consider the Department's actions consistent with the minimum standards of procedural fairness articulated by the U.S. Supreme Court in *Goss v. Lopez*, 419 U.S. 565 (1975), as well as the guidance provided by the Office for Civil Rights regarding student due process protections?

Thank you again for your time and consideration. I look forward to your response.

Sincerely,
Alfred Eriakha
[Quoted text hidden]

---

**Jennifer A Simmons** <jasimmon@olemiss.edu>                                  Tue, Jul 22, 2025 at 11:37 AM

To: "oeriakha@go.olemiss.edu" <oeriakha@go.olemiss.edu>
Cc: Noel E Wilkin <nwilkin@olemiss.edu>, Annette Kluck <askluck@olemiss.edu>, Yi Yang <yiyang@olemiss.edu>, Marie Barnard <mbarnard@olemiss.edu>, John P Bentley <phjpb@olemiss.edu>, Robert Welch <rlwelch1@olemiss.edu>, provost <provost@olemiss.edu>, "registrar@olemiss.edu" <registrar@olemiss.edu>, Lindy Brown <lindy@olemiss.edu>, David Whitcomb <whitcomb@olemiss.edu>, Donna Sue West Strum <dswest@olemiss.edu>

Good morning, Alfred.

1. Does the University consider the Department's actions on June 30, 2025, fully compliant with the due process requirements detailed on pages 11–12 of the University's M Book—specifically, the sections titled *Procedures Related to Academic Misconduct Charges*, *Faculty Discussion with Student*, and *Initiation of Case and Notification to Student?*—**Yes. Based on my understanding of the incident, the department's actions are compliant with the process outlined in the University's M Book.**
2. 2. Does the University consider the Department's actions consistent with the minimum standards of procedural fairness articulated by the U.S. Supreme Court in *Goss v. Lopez*, 419 U.S. 565 (1975), as well as the guidance provided by the Office for Civil Rights regarding student due process protections? **Yes. The Academic Discipline policy, which, along with the M Book, details the process students can follow to afford them due process for challenging allegations and recommended sanctions.**

I noticed that you did not submit an appeal through the process detailed in the M Book and Academic Discipline policy. Based on the policy, **"The student may challenge the sanction recommended by a faculty member by logging onto the page linked in the email notification and submitting a written appeal through the online system within 14 calendar days of the case being initiated."** The policy goes on to say, **"Failure to make an appeal within this 14-day time period shall constitute a waiver of the appeal right and shall result in the sanction becoming final as recommended and the case is considered complete, except as noted below in cases in which the sanction includes probation, suspension, or expulsion."**

You emailed Dr. Wilkin a rebuttal on July 7th-- within the 14 days. Though you did not submit an appeal through the appeal process detailed in the policy, and since you reached out before the deadline with a rebuttal via email, would you like to use the rebuttal as your appeal?

Jennifer

[Quoted text hidden]

---

**Omokhodion Eriakha** <oeriakha@go.olemiss.edu>　　　　　　　　　　　　　Tue, Jul 22, 2025 at 11:49 AM
To: Eriakha Ehiremen Bennard <eriakhabernard@gmail.com>

---------- Forwarded message ----------
From: **Jennifer A Simmons** <jasimmon@olemiss.edu>
[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]