# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

RECEIVED
SEP 08 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Omokhodion Alfred Eriakha | ) | Case No. 3:25-cv-00226 |
| *Plaintiff(s)* | ) | |
| -v- | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. Marie Barnard; Dr. Erin Holmes; Dr. Meagen Rosenthal; Dr. Annette Kluck; Dr. Jennifer Simmons | ) ) ) ) | |
| *Defendant(s)* | | |

**PLAINTIFF'S SUPPLEMENTAL NOTICE OF NEWLY DISCOVERED EVIDENCE IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1

Plaintiff Omokhodion Alfred Eriakha, proceeding pro se, respectfully submits this Supplemental Notice to place newly discovered material evidence before the Court in support of his pending Motion for Temporary Restraining Order and Motion for Preliminary Injunction.

Pursuant to L.U. Civ. R. 7(b)(2), Plaintiff attaches Exhibit Z5 (Retroactive Removal of Policy Safeguard by Department (Timeline)). This evidence, discovered after Plaintiff's August 29, 2025, filings, is directly material to Plaintiff's claims of retaliation and denial of due process.

## UNDISPUTED TIMELINE PROVIDING EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS OF RETALIATION AND DENIAL OF DUE PROCESS (APRIL–JULY 2025)

- **Published Safeguard** – The 2024–25 Departmental Policies and Procedures Guide expressly required that comprehensive examinations be *developed by **three** faculty members familiar with the student's research interests*—an explicit safeguard ensuring fairness and subject-matter alignment.

- **Formal Complaints** – Between April and July 2025, Plaintiff repeatedly invoked this safeguard in written complaints to the Department Chair, Dean of Graduate School, and Provost, specifically alleging that the Department had failed to comply with its own written policy.

- **Administrative Evasion** – Each administrator acknowledged Plaintiff's complaints, yet none provided any explanation as to why the Department had failed to comply with its own written policy.

- **Retroactive Removal of Policy Safeguard** – In June 2025, while Plaintiff's exam and retake dispute remained pending, the Department revised its 2025–26 Policies and Procedures Guide to delete the explicit "three faculty" safeguard — the very safeguard Plaintiff had repeatedly

2

invoked in his written complaints. By removing this protection mid-dispute, the Department retroactively altered the governing terms in a way that directly undermined Plaintiff's position.

- **Sanctions Imposed** – Only days later, on June 30, 2025, Defendants imposed three severe sanctions: recommending probation under an unsubstantiated "disruptive" label, terminating Plaintiff's assistantship, and threatening provisional reclassification. The immediate temporal proximity between Plaintiff's written complaints, Defendants' evasions, the safeguard's deletion, and these sanctions underscores their retaliatory character and renders them arbitrary, capricious, and conscience-shocking.

## SIGNIFICANCE

This sequence is documented in writing and not subject to dispute:

Complaint → Administrative Evasion → Retroactive Removal of Policy Safeguard → Coordinated Sanctions.

Defendants' conduct cannot be characterized as neutral academic judgment. They disregarded a published safeguard, eliminated it while Plaintiff's dispute was pending, and then imposed three coordinated sanctions. The targeted removal of the very safeguard Plaintiff had invoked—coupled with leadership's evasive non-responses—constitutes compelling circumstantial evidence of knowledge, bad faith, retaliation, and denial of due process.

## CONCLUSION

For these reasons, Plaintiff respectfully submits Exhibit Z5 as newly discovered evidence and requests that the Court consider it in adjudicating his pending motions for temporary restraining

3

order and preliminary injunction. This evidence directly corroborates Plaintiff's claims of retaliation and denial of due process already presented to the Court.

Respectfully submitted,

*[signature]*

Omokhodion Alfred Eriakha

Plaintiff, Pro Se

1802 Jackson Avenue West, Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhab@gmail.com

Dated: 09/08/2025

## CERTIFICATE OF SERVICE

I hereby certify that on September 08, 2025, I filed the foregoing notice with the Clerk of Court.

*[signature]*

Omokhodion Alfred Eriakha

Plaintiff, Pro Se