IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**OMOKHODION ALFRED ERIAKHA**                                **PLAINTIFF**

**v.**                                                                           **No. 3:25-cv-00226-MPM-JMV**

**UNIVERSITY OF MISSISSIPPI,** *et al.*                           **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court on Pro Se Plaintiff Omokhodion Alfred Eriakha's ("Mr. Eriakha") Motion for Temporary Restraining Order [7]; Motion for Preliminary Injunction [9]; Motion to Waive or Reduce Security Requirement under Rule 65(c) [12]; and Motion for Leave to Exceed Page Limit [13]. These motions were filed against Defendants University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Erin Holmes, Dr. Meagan Rosenthal, Dr. Annette Kluck, and Dr. Jennifer Simmons (collectively "Defendants"). The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

**RELEVANT BACKGROUND**

Mr. Eriakha is a graduate student at the University of Mississippi. He held a Graduate Research Assistantship, a paid position with the Pharmacy Department, and is in the United States on a F-1 visa. Mr. Eriakha claims to suffer from a mental disability, but the specifics of the disability have not been provided to the Court.

Mr. Eriakha's somewhat disjointed narrative reveals the following events: he was recently preparing to take a Comprehensive Exam, a requirement for his doctorate. Seeking special accommodations for his disability, he was directed to go through the University's Student Disability Services. The faculty examiners refused to alter the exam format despite Mr. Eriakha's

request. Believing his rights had been violated, Mr. Eriakha complained to the Dean of the Graduate School, Dr. Annette Kluck.

On June 30, 2025, Mr. Eriakha received three notices: a disciplinary memorandum, a non-renewal of his Graduate Research Assistantship, and a notice of provisional student status. Mr. Eriakha asserts the notices were sent to him in violation of University procedure. Mr. Eriakha denies any wrongdoing, and he believes these actions are retaliation for his complaints to the Dean because they were all sent to him on the same day and only five days after his last complaint. Mr. Eriakha claims retaliation was initiated to strip him of his F-1 visa and to damage his ability to stay within the United States.

The disciplinary memorandum is based on his conduct at another student's thesis defense. The details of the incident were not shared with the Court, but Dr. Holmes, Dr. Barnard, and Dr. Rosenthal, members of the University faculty who observed Mr. Eriakha, signed the memorandum accusing him of misconduct. Mr. Eriakha asserts the accusations are false.

The non-renewal notice sent by Dr. Yang, the Chair of his Department, informed Mr. Eriakha that the Department will terminate his Graduate Research Assistantship. According to Mr. Eriakha, the notice was retaliation because Dr. Yang did not provide a valid reason for the non-renewal.

Dr. Barnard, one of the faculty members who signed the disciplinary memorandum, informed Mr. Eriakha that the University will begin classifying him as a "provisional student" because he did not meet required non-coursework academic performance expectations. Mr. Eriakha informed Dr. Barnard of procedural barriers preventing him from performance, so he believes the provisional student status threat was also retaliation.

Mr. Eriakha raised complaints about the notices, but Dr. Simmons, the assistant Provost, informed Mr. Eriakha that he must use the University's formal appeal procedures. Mr. Eriakha failed to do so, leading Dr. Kluck to ratify his provisional status and place him on academic probation as recommended by the faculty.

Mr. Eriakha subsequently filed this lawsuit against the Defendants for violations of the Rehabilitation Act, the Americans with Disabilities Act, 42 U.S.C. § 1983, the Fourteenth Amendment, and breach of contract. Due to the perceived threat to his visa, Mr. Eriakha filed motions for a temporary restraining order and a preliminary injunction to protect his interests.

## ANALYSIS

### I.    Temporary Restraining Order

The purpose of a Temporary Restraining Order is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Rule 65(b) lists the procedural requirements for obtaining a TRO:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). To obtain a temporary restraining order, an applicant must also satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). The decision of whether to grant or deny a

temporary restraining order is within the Court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).

Mr. Eriakha, who is representing himself, failed to certify in writing any efforts he made to provide the Defendants' notice of his motion for a temporary restraining order, nor did he provide reasons why notice and a hearing should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B). Therefore, the Court denies Mr. Eriakha's motion for a temporary restraining order.

## II. Preliminary Injunction

To obtain a preliminary injunction, a Plaintiff must prove the same four elements as required to obtain a TRO. *See Def. Distributed v. United States Dep't of State*, 838 F.3d 451, 456-57 (5th Cir. 2016). "A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 464 (5th Cir. 2021) (quoting *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012)). And the "court may issue a preliminary injunction *only* on notice to the adverse party." FED. R. CIV. P. 65(a)(1) (emphasis added).

Mr. Eriakha filed his motion for a preliminary injunction in tandem with his motion for a temporary restraining order. The Defendants in this matter have not been served, and Mr. Eriakha failed to provide them with notice of his motion. The Court shall not issue a preliminary injunction, regardless of its merits, without evidence the Defendants have notice of the motion for a preliminary injunction. The Court denies Mr. Eriakha's motion for a preliminary injunction.

## III. Motion to Exceed Page Limit and Security Requirement Waiver

Mr. Eriakha's motions to exceed the page limit and to waive or reduce the Rule 65(c) security requirement were filed in relation to his motions for a temporary restraining order and a

preliminary injunction. The denial of Mr. Eriakha's motions for a temporary restraining order and for a preliminary injunction renders his motions to exceed the page limit and to waive the security requirement moot.

## CONCLUSION

**ACCORDINGLY**, Mr. Eriakha's Urgent and Necessitous Motion for Temporary Restraining Order [7] is **DENIED**.

Mr. Eriakha's Urgent and Necessitous Motion for Preliminary Injunction [9] is **DENIED**.

Mr. Eriakha's Motion to Waive or Reduce Security Requirement under Rule 65(c) [12] is **DENIED** as moot.

Mr. Eriakha's Motion for Leave to Exceed Page Limit [13] is **DENIED** as moot.

**SO ORDERED** this 19th day of September, 2025.

                                                  /s/Michael P. Mills
                                               UNITED STATES DISTRICT JUDGE
                                               NORTHERN DISTRICT OF MISSISSIPPI