**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**OMOKHODION ALFRED ERIAKHA**                                                       **PLAINTIFF**

**v.**                                                      **No. 3:25-cv-00226-MPM-JMV**

**UNIVERSITY OF MISSISSIPPI,** *et al.*                                       **DEFENDANTS**

**ORDER**

      This matter is before the Court on Defendants', University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Erin Holmes, Dr. Meagan Rosenthal, Dr. Annette Kluck, and Dr. Jennifer Simmons (collectively "Defendants"), Motion to Dismiss for Failure to State a Claim [22] and *pro se* Plaintiff Omokhodion Alfred Eriakha's ("Mr. Eriakha") Motion to Lift Stay and Recognize Mootness of Defendants' Rule 12 Motion [26]. The Court has reviewed the record, along with relevant case law and evidence, and is now prepared to rule.

      On August 8, 2025, Mr. Eriakha filed his Complaint [1] against Defendants. On October 1, 2025, Defendants responded by filing a motion to dismiss for failure to state a claim and for lack of jurisdiction [22]. On October 2, 2025, the Magistrate Judge entered an Order Staying the Case [24] pending the resolution of Defendants' motion to dismiss. On October 15, 2025, Mr. Eriakha filed an amended complaint [25] pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. On October 21, 2025, Mr. Eriakha also filed a motion to lift the stay on this case.

      The Federal Rules of Civil Procedure state that if the pleading is one to which a responsive pleading is required, "[a] party may amend its pleading once as a matter of course no later than … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). A Rule 12(b) motion raises at least one of the following defenses: "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)

failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b).

Defendants' pending motion to dismiss is a Rule 12(b) motion because it was filed pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mr. Eriakha's amended complaint was filed 14 days after Defendants' motion to dismiss, meaning he had a right to amend his pleading without the Court's leave because he filed his amended complaint within 21 days of the Defendants' Rule 12(b) motion.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Mr. Eriakha's original complaint no longer has any legal effect after he filed his amended complaint, which does not adopt his original complaint. When an amended complaint is filed, all earlier motions are moot. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) (explaining that plaintiff's amended complaint renders all earlier motions including a motion for partial summary judgment moot) (citing *King*, 31 F.3d at 346). In this case, Mr. Eriakha filed the amended complaint after Defendants' motion, therefore the motion to dismiss is moot because it is based on the original complaint. With the dismissal of Defendants' motion, the Court lifts the stay placed on this case.

**ACCORDINGLY**, Defendants' Motion to Dismiss [22] is hereby **DISMISSED WITHOUT PREJUDICE** as moot. Mr. Eriakha's Motion to Lift Stay [26] is hereby **GRANTED** and the stay entered on October 2, 2025, is hereby **LIFTED**.

**SO ORDERED** this 22nd day of October, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI