# UNITED STATES DISTRICT COURT

for the

Northern District of Mississippi

Oxford Division

RECEIVED

NOV 12 2025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| Omokhodion Alfred Eriakha | | Case No. 3:25-cv-00226 |
| *Plaintiff* | | |
| | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| University of Mississippi; Dr. Yi Yang; Dr. | ) | |
| Marie Barnard; Dr. Erin Holmes; Dr. Meagen | ) | |
| Rosenthal; Dr. Annette Kluck; Dr. Jennifer | ) | |
| Simmons | | |
| *Defendants* | | |

## NOTICE OF PROCEDURAL IRREGULARITIES IN DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR CLARIFICATION

1

## I. Introduction and Limited Purpose

1. Plaintiff respectfully submits this Notice to assist the Court in maintaining a clear procedural record regarding Defendants' **October 29, 2025** Motion to Dismiss the Amended Complaint (*Docs. 31–32*).

2. This Notice is not a response on the merits under *L.U. Civ. R. 7(b)(4)*. It is filed solely to clarify the procedural posture of Defendants' submission so that subsequent briefing may conform to the *Federal Rules of Civil Procedure*, the *Local Rules*, and the Court's **October 22, 2025** Order (*Doc. 27*).

3. References to procedural rules are included only to identify provisions implicated by the present posture, including *Fed. R. Civ. P. 6(b), 7(b)(1), 10(c), 11(b), 12(b), 12(d), 12(f), 15(a)*, and *L.U. Civ. R. 7(b)*.

4. Based on the docket, Plaintiff notes the following:

    i) *Sequencing while extension pending.* Defendants filed their Motion to Dismiss (*Doc. 31*) while their Motion for Extension of Time (*Doc. 30*) remained pending, creating sequencing uncertainty for briefing deadlines under *L.U. Civ. R. 7(b)* and *Fed. R. Civ. P. 6(b)*.

    ii) *Non-party reference.* Defendants' memorandum cites statements attributed to "*Dr. Chan*," an individual not pled in the Amended Complaint—see *Doc. 32 at 17*; see also earlier brief *Doc. 23 at 13*—implicating *Fed. R. Civ. P. 11(b)(3)* (reasonable inquiry and evidentiary support) and *12(f)* (impertinent or immaterial matter).

    iii) *Verbatim recycling from mooted brief.* Several portions of the renewed memorandum appear copied nearly verbatim from Defendants' prior brief on the superseded

2

complaint (*Docs. 22–23*), raising *Fed. R. Civ. P. 7(b)(1)* concerns regarding particularity and clarity of the grounds asserted.

iv) *Operative pleading control.* The Court's **October 22, 2025** Order (*Doc. 27*) designates the Amended Complaint (*Doc. 25*) as the operative pleading under *Fed. R. Civ. P. 15(a)*; clarification is requested that the pending motion and memorandum are directed exclusively to that operative record.

5. Plaintiff respectfully seeks the Court's guidance as to: **(a)** whether the Motion to Dismiss is deemed directed to the Amended Complaint; **(b)** whether any correction, supplementation, or striking of immaterial matter is anticipated; **(c)** whether Defendants intend to file an answer to the Amended Complaint; and **(d)** whether merits briefing should proceed or await further instruction.

6. Plaintiff will promptly comply with whatever procedural direction the Court provides.

## II. Procedural Timeline

1. On **October 28, 2025**, at 3:57 p.m., defense counsel emailed Plaintiff requesting his position regarding an extension of time to respond to the Amended Complaint (*Exhibit 04*). Later that evening, at 9:04 p.m., defense counsel filed a Motion for Extension of Time indicating that no response had been received. See *Doc. 30*.

2. On **October 29, 2025**, before the Court ruled on that pending request, Defendants filed their Motion to Dismiss and supporting memorandum. See *Docs. 31–32*.

3. Plaintiff notes this sequence solely to clarify whether the **October 29** Motion to Dismiss (*Docs. 31–32*) constitutes Defendants' operative response to the Amended Complaint under *Fed. R.*

3

*Civ. P. 7(b)(1)* and *12(b)*, and *L.U. Civ. R. 7(b)(4)*, given that the extension request (*Doc. 30*) remained pending as of **November 11, 2025**, the day preceding this filing.

4. The Court's **October 22, 2025** Order (*Doc. 27*) confirms that the Amended Complaint (*Doc. 25*) supersedes the original complaint and is the operative pleading under *Fed. R. Civ. P. 15(a)*. This reference is included only to provide procedural context for the extension request, which remained pending as of **November 11, 2025**, and for the subsequently filed Motion to Dismiss.

5. Plaintiff respectfully seeks clarification regarding the procedural status of Defendants' **October 29** filing (*Docs. 31–32*) in light of the unresolved Motion for Extension of Time (*Doc. 30*) as of the date of this filing (last verified **November 11, 2025**), so that subsequent briefing may proceed in full compliance with the *Federal Rules of Civil Procedure* and the *Local Rules*.

## III. Nature of the Rule 12(b) Submission

1. Plaintiff respectfully seeks clarification regarding the procedural basis of Defendants' **October 29, 2025** Motion to Dismiss (*Docs. 31–32*). It is unclear from the filing whether Defendants proceed solely by a facial challenge under *Rule 12(b)(6)*—limited to the Amended Complaint and materials incorporated by reference under *Rule 10(c)* and any items properly subject to judicial notice—or whether the Motion relies on matters outside the pleadings.

2. Certain statements in the facts section of the supporting memorandum (e.g., *Doc. 32 at pp. 3–4*) do not appear in the Amended Complaint or in any exhibit incorporated by reference. This observation is noted only to determine whether *Rule 12(d)* (conversion to summary judgment) may be implicated. See *Fed. R. Civ. P. 12(b), 12(d); L.U. Civ. R. 7(b)*.

4

3. Because the applicable procedural standard governs the scope of materials the Court may consider in resolving a *Rule 12(b)* motion, Plaintiff seeks clarification so that any response may be prepared in full compliance with the governing rules.

4. Plaintiff raises these matters solely to ensure procedural alignment among the Motion to Dismiss (*Docs. 31–32*), the Amended Complaint (*Doc. 25*) as the operative pleading under *Fed. R. Civ. P. 15(a)*, and the procedural framework applicable to *Rule 12* submissions. No ruling on the merits is requested through this Notice.

## IV. Alignment of the Motion to Dismiss with the Operative Pleading

1. The Court's **October 22, 2025** Order (*Doc. 27*) confirms that the Amended Complaint (*Doc. 25*) supersedes the original complaint and constitutes the operative pleading under *Fed. R. Civ. P. 15(a)*.

2. Upon review of Defendants' Motion to Dismiss and supporting memorandum filed on **October 29, 2025** (*Docs. 31–32*), several sections appear substantially similar to portions of Defendants' earlier motion directed at the superseded complaint (*Docs. 22–23*). For example, the discussion at *Doc. 32, p. 10* closely parallels the argument at *Doc. 23, pp. 9–10*; likewise, the sections at *Doc. 32, pp. 5–9, 15–18*, and *20–24* correspond to *Doc. 23, pp. 5–8, 12–19*.

3. Because the earlier motion (*Docs. 22–23*) was dismissed as moot following the filing of the Amended Complaint (*Doc. 25*), these similarities raise a procedural question as to whether the renewed filing (*Docs. 31–32*) is intended to operate as a fully updated *Rule 12(b)* submission directed exclusively to the operative pleading, as contemplated by *Fed. R. Civ. P. 7(b)(1)*.

5

4. Plaintiff notes this point solely to clarify whether any portion of the **October 29** submission may inadvertently reference or rely upon the superseded complaint rather than the operative pleading.

5. Clarification from the Court would assist in determining whether Plaintiff should: **(a)** respond to the Motion in its present form; **(b)** await any corrected or revised filing expressly tailored to the Amended Complaint; or **(c)** await the Court's determination as to whether further motion practice is necessary or whether Defendants should proceed by answer. Plaintiff seeks procedural clarification only and does not request any ruling on the merits.

## V. Reference to an Individual Not Identified in the Operative Pleading

1. The memorandum supporting Defendants' **October 29, 2025** Motion to Dismiss (*Doc. 32*) references an individual identified as "*Dr. Chan.*" See *Doc. 32 at 17*.

2. Neither the Amended Complaint (*Doc. 25*)—the operative pleading under *Fed. R. Civ. P. 15(a)* and the Court's **October 22, 2025** Order (*Doc. 27*)—nor the superseded complaint (*Doc. 1*) references any individual by that name. Exhibits incorporated by reference pursuant to *Fed. R. Civ. P. 10(c)* likewise contain no such reference.

3. The same reference appears in Defendants' earlier memorandum supporting their prior motion to dismiss the superseded complaint. See *Doc. 23 at 13*.

4. Plaintiff seeks clarification as to whether the reference in the renewed Motion (*Doc. 32*) is intended to correspond to allegations contained in the Amended Complaint (*Doc. 25*) or instead reflects material not associated with either the operative or superseded pleadings.

5. Clarification on this point would assist in ensuring that any response is properly aligned with the materials the Court may consider under *Fed. R. Civ. P. 12(b)*, *12(d)*, and *7(b)(1)*.

6. Plaintiff respectfully seeks only procedural clarification and does not request any ruling on the merits through this Notice.

## VI. Filing of the Motion to Dismiss While the Extension Request Remained Pending

1. On **October 28, 2025**, Defendants filed a Motion for Extension of Time to respond to the Amended Complaint. See *Doc. 30*.

2. On **October 29, 2025**, before the Court ruled on that request, Defendants filed their Motion to Dismiss and supporting memorandum. See *Docs. 31–32*.

3. Plaintiff notes this sequence solely to clarify whether the Motion to Dismiss (*Docs. 31–32*) is intended to serve as Defendants' operative response to the Amended Complaint (*Doc. 25*), or whether any further amendment, supplementation, or answer is anticipated pending the Court's disposition of the unresolved Motion for Extension of Time (*Doc. 30*), which remained pending as of **November 11, 2025**. See *Fed. R. Civ. P. 7(b)(1)*; *L.U. Civ. R. 7(b)(4)*.

4. Plaintiff raises this timing matter only to determine the operative response deadline and whether briefing should proceed based on the Motion to Dismiss as presently filed.

5. Clarification on this point would assist in ensuring orderly case management and avoiding duplicative or premature filings.

## VII. Form of the Filing and Applicable Rules

1. Plaintiff notes that portions of Defendants' memorandum in support of the Motion to Dismiss (*Docs. 31–32*) contain narrative statements not set forth in the Amended Complaint (*Doc. 25*) or in any exhibit incorporated by reference under *Fed. R. Civ. P. 10(c)*.

2. The memorandum also references an individual identified as "*Dr. Chan*" (*Doc. 32 at 17*), who does not appear in the Amended Complaint (*Doc. 25*) or in any materials incorporated therein by reference.

3. These observations are offered solely to clarify whether the Motion to Dismiss (*Docs. 31–32*) is intended to operate as a *Rule 12(b)(6)* submission directed exclusively to the operative pleading (*Doc. 25*), or whether Defendants anticipate any supplementation, revision, or answer. See *Fed. R. Civ. P. 7(b)(1), 12(b), 12(d)*, and *15(a)*.

4. Plaintiff notes these matters because *Fed. R. Civ. P. 11(b)* governs the certification of filed papers, including the requirement that factual contentions have evidentiary support after a reasonable inquiry, and *Rule 7(b)(1)* requires that motions state their grounds with particularity.

5. Plaintiff respectfully requests clarification as to whether the Motion to Dismiss (*Docs. 31–32*), as filed, is deemed complete for purposes of *L.U. Civ. R. 7(b)(4)*, or whether the Court anticipates any correction, supplementation, refiling, or the filing of an answer.

## VIII.  Request for Clarification

Plaintiff respectfully seeks the Court's guidance on several procedural matters to ensure that subsequent filings conform to the *Federal Rules of Civil Procedure*, the *Local Rules*, and the Court's **October 22, 2025** Order (*Doc. 27*). Specifically, clarification is requested as to:

1. Whether Defendants' **October 29, 2025** Motion to Dismiss (*Docs. 31–32*) is deemed the operative response to the Amended Complaint (*Doc. 25*) in light of the Motion for Extension of Time (*Doc. 30*) that remained unresolved as of **November 11, 2025**. See *L.U. Civ. R. 7(b)(4)*; *Fed. R. Civ. P. 6(b)*.

8

2. Whether the Court requires any correction, supplementation, or refiling to ensure that the Motion to Dismiss (*Docs. 31–32*) corresponds fully to the Amended Complaint (*Doc. 25*), which constitutes the operative pleading under *Fed. R. Civ. P. 15(a)* and must satisfy *Rule 7(b)(1)*'s particularity requirement.

3. Whether, in the interest of procedural clarity, the Court prefers that Defendants proceed by filing an answer to the Amended Complaint (*Doc. 25*) rather than by further motion practice directed to that pleading.

4. Whether Plaintiff should proceed with a substantive response at this time or await further direction from the Court before submitting briefing in accordance with *L. U. Civ. R. 7(b)(4)*.

This Notice is submitted solely to maintain a clear procedural record and does not seek any determination on the merits of the Motion. Plaintiff will promptly comply with whatever direction the Court provides.

Respectfully submitted this 12th day of November, 2025.

Omokhodion Alfred Eriakha

Plaintiff, Pro Se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhab@gmail.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I delivered the foregoing to the Clerk of Court for filing and served a true and correct copy by email upon:

**Paul B. Watkins**, Esq.

Mayo Mallette PLLC

Email: pwatkins@mayomallette.com

(cc: Brooke Jackson, bjackson@mayomallette.com)

Executed this 12th day of November, 2025, in Oxford, Mississippi.



Omokhodion Alfred Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhab@gmail.com

10