**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**OMOKHODION ALFRED ERIAKHA**                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 3:25-cv-226-MPM-JMV**

**UNIVERSITY OF MISSISSIPPI, ET AL.**                                        **DEFENDANTS**

*And*

**EHIREMEN BENNARD ERIAKHA**                                        **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 3:25-cv-250-DMB-RP**

**UNIVERSITY OF MISSISSIPPI, ET AL.**                                        **DEFENDANTS**

## ORDER GRANTING MOTION TO CONSOLIDATE CASES

This matter is before the Court on the Motion to Consolidate filed by Defendants the University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Erin Holmes, Dr. Meagan Rosenthal, Dr. Annette Kluck and Dr. Jennifer Simmons seeking to consolidate this matter, *Eriakha v. Univ. of Miss.* 3:25-cv-226-MPM-JMV, with *Eriakha v. Univ. of Miss,* 3:25-cv-226-DMB-RP.[1] For the reasons explained below, the matters will be consolidated for all purposes, including trial.

Background

On August 8, 2025, Plaintiff Omokhodion Alfred Eriakha filed his complaint and requested an injunction against Defendants the University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Erin Holmes, Dr. Meagan Rosenthal, Dr. Annette Kluck and Dr. Jennifer

---

[1] Local Rule 42 provides that the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. Case No. 3:25-cv-226-MPM-JMV, filed by Plaintiff Omokhodion Alfred Eriakha on August 8, 2025, bears the lower docket number in this action.

Simmons alleging violations of the Rehabilitation Act, the Americans with Disabilities Act, the Due Process Clause of the 14th Amendment to the U.S. Constitution, 42 U.S.C. 1983 and breach of implied and express contact under Mississippi law. [3:25-cv-226-MPM-JMV - Doc. 1]. (hereinafter "Alfred Case").

Seventeen days later, on August 25, 2025, Ehiremen Bennard Eriakha filed his complaint and requested an injunction against the University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Annette Kluck and Dr. Yinan Huang alleging violations of the 1st Amendment to the United States Constitution, the Equal Protections and Due Process Clauses of the 14th Amendment, 42 U.S.C. 1983, Title VI of the Civil Rights Act, and breach of contract under Mississippi law. [3:25-cv-226-DMB-RP – Doc. 1]. (hereinafter "Bennard Case")

On October 1, 2025, in both the Alfred and Bennard Cases, the respective Defendants filed joint motions to dismiss asserting immunity and jurisdictional defenses which resulted in each matter being stayed.[2] On October 15, 2025, Omokhodion Alfred Eriakha filed an amended complaint, adding a claim for violation of the 1st Amendment to the U.S. Constitution. The amended complaint mooted the motion to dismiss and led to the lifting of the Alfred Case stay. [Doc. 27]. However, on October 29, 2025, the Alfred Defendants filed a renewed motion to dismiss asserting immunity and jurisdictional defenses retriggering the automatic stay provision. [Doc. 31]. The initial stay in the Bennard Case remains in effect.

On October 22, 2025, Defendants in both the Alfred and Bennard cases filed motions seeking to consolidate the two matters. In their motions, Defendants argue that these matters should be consolidated as they raise common issues of law and fact, are pending in the same

---

[2] Local Uniform Civil Rule 16(b)(3)(B) provides that "[f]iling … a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."

district, are at the same stage of preparedness for trial, and will not prejudice the Plaintiffs.

On October 30, 2025, in the Alfred Case, Plaintiff filed a "Notice of Administrative Moootness and Procedural Clarification Regarding Defendants' Motion to Consolidate Cases" which responds to Defendants arguments from the Motion to Consolidate. [Doc. 34]. Plaintiff argues that Defendants' motion has been rendered moot when the Court lifted the stay in response to the newly filed amended complaint, which mooted the pending motion to dismiss raising jurisdictional and immunity defenses. Plaintiff argues that this created an incongruity between the two cases, where the Alfred Case was now unstayed while the Bennard Case remained stayed. Approximately 2 hours before Plaintiff filed this notice, the Court entered a new stay order in the Alfred Case [Doc. 33] as a result of Defendant's renewed motion to dismiss. [Doc. 31].

Also on October 30, 2025, in the Bennard Case, Plaintiff filed a "Notice of Prior Non-Consent and Procedural Clarification" responding to Defendants arguments in the motion to Consolidate. [Doc. 45].  In this notice, Plaintiff argues that consolidation would be improper because he does not consent to consolidation, raises the same arguments as the Alfred Notice over the difference in stay status, and also argues that consolidation would delay or divert adjudication of the active Motions for Temporary Restraining Order and Preliminary Injunction [Doc. 15, 16] filed on September 18, 2025, and conflate distinct factual records.[3]

In reply to the two notices, Defendants argue that Plaintiffs' arguments fall flat. Defendants argue that as of the date of their reply, both cases are now in congruent procedural statuses as both are again stayed pending a ruling on the respective motions to dismiss, that in both cases no discovery has been conducted, no initial order or case management order entered,

---

[3] Plaintiff in the Alfred Case also filed motions seeking a temporary restraining order and preliminary injunction which were denied by District Judge Mills in that matter on September 19, 2025. [Doc. 16].

and no hearings have been set in either matter. They also argue that Plaintiff fails to support his contentions that consolidation would impair the Court's ability to deal with the pending Bennard Case TRO and preliminary injunction motions, or that the factual records of each case caution against consolidation.

Under Federal Rule of Civil Procedure 42(a), the court may consolidate actions before it which involve common questions of law or fact. In the Fifth Circuit, "district judges have been 'urged to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion,'" even where consolidation is opposed by the parties. *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). Courts consider eight factors in determining whether consolidation is appropriate: ((1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately. *Kodaco Co. v. Valley Tool, Inc.*, No. 3:23-cv-211-GHD-JMV, 2023 U.S. Dist. LEXIS 204747, at *3-4 (N.D. Miss. Nov. 13, 2023). It appears that all factors favor consolidation in this instance.

Both cases are pending before the same court. While Plaintiffs are different, albeit twin brothers, each case shares common defendants.[4] Parties are not required to be identical to

---

[4] The University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, and Dr. Annette Kluck are common Defendants to each suit. Dr. Erin Holmes, Dr. Meagen Rosenthal and Dr. Jennifer Simmons are only Defendants in the Alfred Case

consolidate an action. *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.,* 665 F.3d 671, 678 (5th Cir. 2011) ("The rule does not require the cases to be identical."); *W. Gulf Mar. Ass'n,* 751 F.2d at 731 n. 5 (noting that incomplete identity of the parties does not require the simultaneous litigation of two essentially identical actions where the parties could obtain complete relief in one forum and any missing parties could probably be joined in that action).

Both cases also share common issues of law and fact. In the Alfred Case, Plaintiff alleges he engaged in protected speech during a fellow student's thesis defense and when he objected to the format of his comprehensive oral examination. In the Bennard Case, Plaintiff alleges as a basis for his own 1st Amendment claims that he was targeted in retaliation for his association with his brother's protected speech. Each case shares common questions of law. Both complaints allege that Defendants used the Abilities Transcript, which Plaintiffs describe as a developmental mentoring tool, as a punitive device to retaliate against Plaintiffs. Both cases bring claims under the 1st Amendment of the United States Constitution, the Due Process Clause of the 14th Amendment to the United States Constitution, 42 U.S.C. 1983, and breach of contract claims under Mississippi law.[5] Each case also shares common questions of law raised by the defendants, in both cases Defendants allege the individual Doctor Defendants are entitled to qualified immunity and the claims against the University are barred by the Eleventh Amendment to the United State Constitution. See *PEMEX Exploración y Producción v. BASF Corp.*, No. CV H-10-1997, 2011 WL 13134611, at *3 (S.D. Tex. Oct. 4, 2011)(finding common questions of law based on affirmative defenses when considering consolidation).

There does not appear to be a risk of confusion if the cases are consolidated. Both cases

---

while Dr. Yinan Huang is only a Defendant in the Bennard Case.

[5] Plaintiff Omokhodion Alfred Eriakha brings unique Reahbiliation Act and Americans with Disabilities Act claims. Plaintiff Ehiremen Bennard Eriakha brings unique claims under the 14th Amendment Equal Protections Clause and Title VI.

are in essentially the same procedural state. While the motions for preliminary injunction and temporary restraining order remain pending in the Bennard case, in all other relevant ways the cases are identical. Both cases are stayed, a case management conference has not been conducted in either case, and discovery has not commenced in either case. It appears that consolidation will conserve judicial resources by allowing common matters to be addressed simultaneously. It does not appear that consolidation would grant an unfair advantage to any party as both cases are in essentially the same posture. It does appear that consolidation will reduce the time and cost for all parties in resolving this matter as parties will not have to address common questions and issues twice.

The Court, having considered the applicable law, finds that in light of the relatedness of the cases, both cases should be consolidated in all respects, with case number 3:25-cv-226-MPM-JMV being the lead case. The style of the case shall be:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**OMOKHODION ALFRED ERIAKHA**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.: 3:25-cv-226-MPM-JMV**

**UNIVERSITY OF MISSISSIPPI, ET AL.**                                    **DEFENDANTS**

*Consolidated With*

**EHIREMEN BENNARD ERIAKHA**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.: 3:25-cv-250-DMB-RP**

**UNIVERSITY OF MISSISSIPPI, ET AL.**                                    **DEFENDANTS**

The parties are instructed to docket and file all documents in the lead case of 3:25-cv-226-MPM-JMV.

**THEREFORE, IT IS ORDERED** that the Motions to Consolidate [Doc. 28 in 3:25-cv-226-MPM-JMV and Doc. 42 in 3:25-cv-00250-DMB-RP] are hereby GRANTED and these cases are hereby consolidated for all purposes, including trial. The parties are instructed to file future pleadings in only the lead case, 3:25-cv-226-MPM-JMV.

**SO ORDERED** this the 17th day of November, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**