**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**OMOKHODION ALFRED ERIAKHA**                                    **PLAINTIFF**

**v.**                                                          **NO. 3:25-CV-226-MPM-JMV**

**UNIVERSITY OF MISSISSIPPI, et al.**                            **DEFENDANTS**

*Consolidated With*

**EHIREMEN BENNARD ERIAKHA**                                     **PLAINTIFF**

**v.**                                                          **NO. 3:25-CV-250-MPM-JMV**

**UNIVERSITY OF MISSISSIPPI, et al.**                            **DEFENDANTS**

**DEFENDANTS' REBUTTAL IN SUPPORT OF THEIR**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff Omokhodion Alfred Eriakha ("Alfred") has filed a "Notice of Procedural Irregularities in Defendants' Motion to Dismiss and Request for Clarification" [Doc. 36], which opposes Defendants' Motion to Dismiss. and Defendants respectfully submit the following Rebuttal in support of their Motion to Dismiss.

**1.      *Plaintiff has waived legal arguments not raised in response to the Motion to Dismiss.***

Defendants filed their Motion to Dismiss Alfred's Amended Complaint on October 29, 2025 [Doc. 31], which made Alfred's response to that Motion due on November 12, 2025. Instead of responding to the Motion to Dismiss, Alfred filed his Notice, which he asserts is "not a response on the merits" to Defendants' Motion. [Doc. 36], at 2. Alfred has not sought an extension of time in which to respond to the Motion.

Except as specifically addressed below, Plaintiff's Notice offers no substantive response to any of the legal arguments raised in Defendants' Motion to Dismiss. Because Alfred has

waived any such responsive arguments, Defendants' Motion should be granted for the reasons set forth in its primary Brief [Doc. 32]. *See Eason v. City of Senatobia*, 776 F. Supp. 3d 492, 501 (N.D. Miss. 2025) ("Ignoring an argument constitutes waiver of those claims."); *Fried Alligator Films, LLC v. N.Y. Life Ins. Co.*, No. 4:16-CV-175-DMB-JMV, 2017 U.S. Dist. LEXIS 160858, at *12 (N.D. Miss. Sep. 29, 2017) (holding that "the failure to raise an argument in response to a motion to dismiss operates as a waiver of such argument").

**2.**      ***Defendants' Motion references documents incorporated into the pleadings.***

Alfred asserts that "[c]ertain statements in the facts section of the supporting memorandum (e.g., Doc. 32 at pp. 3 – 4) do not appear in the Amended Complaint or in any exhibit incorporated by reference." Notice, at 4 [Doc. 36]. Alfred does not identify which statements purportedly fall outside the pleadings. In ruing on Defendants' Motion to Dismiss, the Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, [or] matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (*citing Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

Alfred's Amended Complaint [Doc. 25] references numerous documents, both by citing to specific exhibits and by describing the content of documents. There are ten exhibits to the Amended Complaint: an unnumbered declaration, an email exchange labeled "Exhibit 01," and eight more exhibits labeled Z-5, Z-7, Z-8, Z-9, Z-10, Z-11, Z-13, and Z-15. However, the Amended Complaint also references and incorporates alphabetically labeled exhibits that were *not* attached to the pleading. *Id.* at 3, 17, 20-26, 29-40; 42-44, 48-50, 55-57, 62-63, 66-67, 72-73. Because those citations match up to the alphabetically labeled exhibits attached to Plaintiff's Motion for Preliminary Injunction, Defendants' Motion to Dismiss cited to the docket entries for

those exhibits.

Pages three and four of Defendants' Brief in Support of their Motion to Dismiss reference seven documents that were attached to Plaintiff's Motion for Preliminary Injunction: Exhibits A, B, C, D, E, H, and Z, which correspond respectively to docket entries 9-1, 9-2, 9-3, 9-4, 9-5, 9-7, and 9-25. [Doc. 32], at 3-4. Alfred's Amended Complaint specifically cites and incorporates each of those documents. *See* Exhibit A (cited on pages 21, 42, 72); Exhibit B (cited on pages 20-22, 32, 42); Exhibit C (cited on pages 23-24, 32, 43, 55, 72); Exhibit D (cited on page 23); Exhibit E (cited on pages 24, 44, 55); Exhibit H (cited on pages 3, 25-26, 35, 48-50, 56, 62, 67); Exhibit Z (cited on page 17).

All the documents referenced on the pages cited in Alfred's Notice are incorporated into the pleadings by reference and may properly be considered by the Court.

### 3. *No other issues preclude dismissal.*

Alfred's Notice raises several other issues, none of which speak to the merits of Defendants' Motion or weigh against dismissal. Defendants originally filed a motion for additional time in which to respond to the Amended Complaint [Doc. 30]. The Court granted the motion for time after Alfred did not respond to it [Doc. 37], but Defendants had already filed their Motion to Dismiss within the original deadline for responsive pleadings [Doc. 31].

Alfred also points out a typographical error in Defendant's Brief. While counsel regrets the error, it has no bearing on the merits of the Motion to Dismiss. Nor does the fact that Defendants' Motion to Dismiss the Amended Complaint relied on similar arguments as did their original Motion to Dismiss, which sought dismissal of claims that had also been included in the original Complaint.

**CONCLUSION**

Alfred has largely failed to respond to Defendants' Motion to Dismiss, and the issues raised in his Notice do not affect the merits of that Motion. Defendants respectfully request the Court to dismiss this action in its entirety for the reasons set forth in their Motion and primary Brief. Defendants request such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted, this the 19th day of November 2025.

> **UNIVERSITY OF MISSISSIPPI, DR. YI YANG, DR. MARIE BARNARD, DR. ERIN HOLMES, DR. MEAGAN ROSENTHAL, DR. ANNETTE KLUCK, AND DR. JENNIFER SIMMONS**
>
> */s/ Paul B. Watkins, Jr.*
> PAUL B. WATKINS, JR. (MB No. 102348)
> *Their Attorney*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
*pwatkins@mayomallette.com*

4

**CERTIFICATE OF SERVICE**

I, Paul B. Watkins, Jr., the attorney for the Defendants, University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Erin Holmes, Dr. Meagan Rosenthal, Dr. Annette Kluck, and Dr. Jennifer Simmons, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record and have forwarded a copy of this document via U.S. Mail and E-mail to the following:

> Omokhodion Alfred Eriakha
> 1802 Jackson Avenue West, Apt. 83
> Oxford, MS 38655
> 662-281-4676
> PRO SE

THIS, the 19th day of November 2025.

/s/ Paul B. Watkins, Jr.
PAUL B. WATKINS, JR. (MB NO. 102348)