# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

### OXFORD DIVISION

RECEIVED
JAN 0 5 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

OMOKHODION ALFRED ERIAKHA                                    PLAINTIFF

)

v.                  )     CIVIL ACTION NO.: 3:25-cv-226-MPM-JMV

)

UNIVERSITY OF MISSISSIPPI, ET AL.                            DEFENDANTS

*Consolidated With*

EHIREMEN BENNARD ERIAKHA                                     PLAINTIFF

)

v.                  )     CIVIL ACTION NO.: 3:25-cv-250-DMB-RP

)

UNIVERSITY OF MISSISSIPPI, ET AL.                            DEFENDANTS

## URGENT AND NECESSITOUS MOTION FOR IMMEDIATE ADJUDICATION OF PENDING EMERGENCY RULE 65 MOTIONS

*(Filed by Plaintiff Ehiremen Bennard Eriakha)*

1

Plaintiff Ehiremen Bennard Eriakha, proceeding *pro se* and in forma pauperis, respectfully moves the Court, pursuant to *Federal Rules of Civil Procedure 1, 6(b), 7(b)*, and *65*, and *L.U. Civ. R. 7(b)(8)*, for prompt adjudication of his pending, fully briefed motions for a Temporary Restraining Order and Preliminary Injunction (*Dkts. 15 & 16*).

This is an urgent and necessitous motion. It seeks no new relief, presents no additional evidence or argument, and does not request reconsideration of the merits. Rather, it respectfully requests timely adjudication of Plaintiff's emergency *Rule 65* motions, which have been fully briefed and ripe for decision since October 9, 2025.

As explained below, January 5, 2026 constitutes a fixed, external deadline beyond which the injunctive relief sought may no longer be capable of preserving the status quo. Absent adjudication on or before that date, the passage of time risks rendering *Rule 65* relief ineffectual. This motion is submitted solely to ensure the Court is aware of the narrow remaining window in which effective judicial action remains possible, recognizing the Court's discretion and competing docket demands.

## I. PROCEDURAL POSTURE

1. On September 18, 2025, Plaintiff filed renewed motions for a Temporary Restraining Order and Preliminary Injunction pursuant to *Federal Rule of Civil Procedure 65*, supported by a verified declaration and accompanying memorandum of law (*Dkts. 15 & 16*).

2. Defendants filed their responses on October 2, 2025 (*Dkts. 31–34*), and Plaintiff filed a consolidated reply on October 9, 2025 (*Dkt. 37*).

3. No further briefing or hearing was requested or ordered. Defendants acknowledged in their briefing that the emergency motions are fully briefed and capable of resolution on the existing record, without the need for a hearing or additional factual development.

2

4. Accordingly, the renewed *Rule 65* motions have been fully briefed and ripe for decision since October 9, 2025.

5. Following completion of briefing, Plaintiff filed multiple docketed notices advising the Court that the harms identified in the pending emergency motions were ongoing, time-sensitive, and at risk of becoming irreversible absent timely adjudication.

6. On November 3, 2025, Plaintiff filed a Motion to Expedite, respectfully requesting prompt adjudication of the pending *Rule 65* motions in light of the ongoing, time-sensitive harms identified in those motions.

7. While Plaintiff's emergency motions and Motion to Expedite remained pending without adjudication, the University implemented the challenged academic actions, terminating Plaintiff's doctoral enrollment effective December 15, 2025, reclassifying him as non-degree-seeking, and discontinuing associated tuition remission and assistantship support. (*See Exhibit 11*).

8. On December 12, 2025, Plaintiff filed a Notice of Irreparable Harm advising the Court that the irreparable harms identified in the pending *Rule 65* motions were materializing while those motions remained pending without adjudication.

9. Plaintiff consistently advised the Court that applicable federal regulations require continuous full-time enrollment and documented financial support for F-1 students, and that continued non-adjudication of the pending *Rule 65* motions would trigger immigration consequences not readily remediable through later judicial relief.

10. On December 15, 2025, the University's International Student & Scholar Services notified Plaintiff in writing that, as a result of the change in his academic status, compliance action

3

would be required by January 5, 2026 to avoid termination of his F-1 student status and initiation of SEVIS enforcement measures. (*See Exhibit 9*.)

11. As of the filing of this Motion, Plaintiff's renewed *Rule 65* motions have remained pending for more than eighty days since completion of briefing and more than eight weeks since the Motion to Expedite was filed, during which time the date-certain harms identified on the record have materialized and continue to unfold.

## II. JANUARY 5, 2026 IS A FIXED, EXTERNAL COMPLIANCE DEADLINE BEYOND WHICH EFFECTIVE RULE 65 RELIEF MAY BECOME UNAVAILABLE

1. Plaintiff faces time-critical academic and immigration consequences arising from federal regulatory compliance requirements triggered by the challenged change in his enrollment status.

2. On December 15, 2025, the University's International Student & Scholar Services ("ISSS") notified Plaintiff in writing that specified documentation must be received by January 5, 2026 to satisfy SEVIS reporting requirements and to avoid initiation of SEVIS enforcement actions associated with termination of Plaintiff's F-1 student status. (*See Exhibit 9*.)

3. January 5, 2026 constitutes a fixed, externally imposed compliance deadline, after which SEVIS enforcement actions become authorized under applicable federal immigration regulations.

4. Termination of Plaintiff's F-1 status would result in loss of lawful immigration status and would preclude continued graduate enrollment, consequences that are not remediable through later retrospective relief.

5. Judicial relief issued on or before January 5, 2026 would remain capable of preserving the status quo by preventing initiation of SEVIS enforcement actions and the attendant academic and immigration consequences. By contrast, relief issued after that date risks becoming practically ineffective due to the operation of federal regulatory reporting requirements and downstream agency processes beyond the Court's immediate control.

6. Plaintiff therefore respectfully requests adjudication of the pending **Rule 65** motions on or before January 5, 2026, while effective judicial relief remains available, recognizing the Court's discretion, docket demands, and the time-sensitive nature inherent in emergency injunctive relief.

### III. GOOD FAITH AND DILIGENCE

1. Plaintiff has acted diligently and in good faith throughout these proceedings, consistently seeking to afford the Court a fair and timely opportunity to adjudicate his pending requests for emergency relief.

2. Plaintiff received the United States Court of Appeals for the Fifth Circuit's order addressing appellate jurisdiction on December 31, 2025. Plaintiff does not have access to electronic filing and submits filings in person at the Clerk's Office. Because the Clerk's Office was closed from January 1 through January 4, 2026 due to the New Year holiday and weekend closure, Plaintiff transmitted courtesy copies of this Motion and the related Notice by email to ecf_information@msnd.uscourts.gov on January 2, 2026, and submits this Motion in person on January 5, 2026, the earliest practicable filing date.

3. Accordingly, January 5, 2026 is the earliest practicable date on which Plaintiff could file a district-court motion responding to the appellate court's guidance and formally requesting

5

adjudication of the pending *Rule 65* motions in light of the fixed, time-critical compliance deadline.

4. More broadly, Plaintiff's diligence is reflected in the procedural record, including:

   i) promptly filing renewed *Rule 65* motions following the Court's prior order;

   ii) completing all responsive briefing without delay;

   iii) filing a Motion to Expedite once the time-sensitive nature of the requested emergency relief became apparent;

   iv) submitting a Notice of Irreparable Harm on December 12, 2025—the same day Plaintiff received formal notice of termination of his doctoral enrollment and when the December 15, 2025 effective date of that action became fixed—thereby promptly placing the resulting, time-locked consequences on the record; and

   v) filing this Motion at the first practicable opportunity following the United States Court of Appeals for the Fifth Circuit's December 31, 2025 order, in light of the already-fixed January 5, 2026 federal compliance deadline and the intervening court closures.

5. This Motion is submitted in good faith and for the limited procedural purpose of preserving the availability of meaningful judicial relief, with recognition that the effectiveness of emergency relief under *Rule 65* depends on timely judicial consideration.

## IV. REQUEST FOR ADJUDICATION

1. Plaintiff respectfully requests prompt adjudication of his pending renewed motions for a Temporary Restraining Order and Preliminary Injunction (*Dkts. 15 & 16*) within the period in which effective judicial relief remains available, on or before January 5, 2026.

6

2. This request is limited to adjudication of motions already before the Court and seeks no new or additional relief, nor any supplementation of the merits record.

3. This Motion is procedural in nature and seeks only adjudication of emergency motions that are fully briefed, ripe for decision, and pending before the Court.

4. Because emergency relief under **Rule 65** depends on timely adjudication to preserve its purpose, continued delay risks rendering the pending motions ineffectual through the passage of time alone. As courts have recognized, emergency relief delayed may, as a practical matter, become emergency relief denied.

5. Accordingly, Plaintiff respectfully requests that the Court adjudicate Plaintiff's pending renewed motions for a Temporary Restraining Order and Preliminary Injunction (**Dkts. 15 & 16**) on or before January 5, 2026, while effective judicial relief remains available.

Respectfully submitted this 2nd day of January, 2026.

/s/ Ehiremen Bennard Eriakha

Ehiremen Bennard Eriakha

Plaintiff, Pro Se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Email: eriakhabernard@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Urgent and Necessitous Motion for Immediate Adjudication of Pending Emergency Rule 65 Motions was served as follows:

Via electronic mail on January 2, 2026:
Clerk's Office
United States District Court
Northern District of Mississippi
Email: ecf_information@msnd.uscourts.gov

Via in-person filing on January 5, 2026:
Clerk's Office
United States District Court
Northern District of Mississippi

Via electronic mail on January 5, 2026 (Counsel for Defendants):
Paul B. Watkins, Esq.
Mayo Mallette PLLC
Email: pwatkins@mayomallette.com

Brooke Jackson, Esq.
Mayo Mallette PLLC
Email: bjackson@mayomallette.com

Executed this 2nd day of January, 2026.

Respectfully submitted,

/s/ Ehiremen Bennard Eriakha

Ehiremen Bennard Eriakha
Appellant, pro se
1802 Jackson Ave. W., Apt. 83
Oxford, MS 38655
Tel: (662) 281-4676
Email: eriakhabernard@gmail.com