# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

RECEIVED
JAN 09 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

OMOKHODION ALFRED ERIAKHA        PLAINTIFF

)

v.      ) CIVIL ACTION NO.: 3:25-cv-226-MPM-JMV

)

UNIVERSITY OF MISSISSIPPI, ET AL.        DEFENDANTS

*Consolidated With*

EHIREMEN BENNARD ERIAKHA        PLAINTIFF

)

v.      ) CIVIL ACTION NO.: 3:25-cv-250-DMB-RP

)

UNIVERSITY OF MISSISSIPPI, ET AL.        DEFENDANTS

## MOTION FOR RECUSAL / DISQUALIFICATION OF THE PRESIDING JUDGE

*(28 U.S.C. § 455(a) and § 455(b); and, to the extent applicable, 28 U.S.C. § 144)*

***(Filed by Plaintiff Omokhodion Alfred Eriakha)***

1

1. Plaintiff Omokhodion Alfred Eriakha, proceeding pro se, moves for recusal or disqualification of the presiding judge pursuant to *28 U.S.C. § 455(a)* and, to the extent applicable, *§ 455(b)*. Plaintiff brings this motion reluctantly and in good faith, solely to preserve the appearance of impartiality and to maintain public confidence in the adjudication of this matter.

2. Plaintiff does not allege personal animus, improper motive, or subjective bad faith. Plaintiff recognizes that disagreement with judicial rulings, standing alone, is not a basis for recusal. This motion is not filed to relitigate prior rulings or to challenge the Court's legal conclusions.

3. Plaintiff's request is based on objective circumstances reflected in the record and docket, including record-based issues identified in connection with the Court's *September 19, 2025 Memorandum Opinion* denying Plaintiff's motions for temporary restraining order and preliminary injunction (*Dkt. No. 16*).

4. Plaintiff does not contend that any individual circumstance, considered in isolation, mandates recusal. Plaintiff submits that, when viewed cumulatively, the record-based circumstances set forth in the accompanying Memorandum Brief could lead a reasonable, fully informed observer to question whether continued presiding would maintain the appearance of impartiality required by *28 U.S.C. § 455(a)*.

5. To the extent *28 U.S.C. § 144* may be implicated, Plaintiff notes that *§ 144* provides an affidavit-based procedure for asserting personal bias or prejudice. Plaintiff does not invoke *§ 144* in the absence of compliance with its affidavit requirement and does not allege personal bias or prejudice within the meaning of that statute. Plaintiff proceeds primarily under the objective appearance-of-impartiality standard set forth in *28 U.S.C. § 455(a)*.

6. For the foregoing reasons, Plaintiff respectfully requests that the Court:

a. Recuse or disqualify itself from further proceedings in this matter pursuant to *28 U.S.C. § 455(a)* and, to the extent applicable, *§ 455(b)*;

b. Direct that this matter be reassigned by the Clerk of Court in accordance with the Court's ordinary reassignment procedures; and

c. Grant such other and further relief as the Court deems just and proper.

7. Plaintiff further requests, only to the extent the Court deems appropriate, that further merits proceedings be stayed pending resolution of this motion, in order to preserve the appearance of impartiality and to avoid unnecessary merits determinations while disqualification is under consideration.

Respectfully submitted this 9th day of January, 2026.

_/s/ Alfred_

Omokhodion Alfred Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhab@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, a true and correct copy of the foregoing Motion for Recusal was filed with the Clerk of Court and served by electronic mail upon:

**Paul B. Watkins**, Esq.

Mayo Mallette PLLC

Email: pwatkins@mayomallette.com

(cc: Brooke Jackson, bjackson@mayomallette.com)


Executed this 9th day of January, 2026, in Oxford, Mississippi.

_____

Omokhodion Alfred Eriakha

Plaintiff, pro se

1802 Jackson Ave. W., Apt. 83

Oxford, MS 38655

Tel: (662) 281-4676

Email: eriakhab@gmail.com