# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 31, 2025
Lyle W. Cayce
Clerk

No. 25-60708

OMOKHODION ALFRED ERIAKHA,

      *Plaintiff*,

*versus*

UNIVERSITY OF MISSISSIPPI,

      *Defendant*,

_____

EHIREMEN BENNARD ERIAKHA,

      *Plaintiff—Appellant*,

*versus*

UNIVERSITY OF MISSISSIPPI; YI YANG, *Doctor, Chair, Department of Pharmacy Administration*; MARIE BARNARD, *Doctor, Graduate Program Coordinator, Pharmacy Administration*; ANNETTE KLUCK, *Doctor, Dean of the Graduate School*; YINAN HUANG, *Doctor, Faculty Member*,

      *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC Nos. 3:25-CV-226, 3:25-CV-250

_____

Before JONES, RICHMAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Ehireman Bennard Eriakha, proceeding pro se, appeals the district court's "effective denial" of preliminary injunctive relief by failing to issue rulings on his motions "before or after December 15, 2025."

Under 28 U.S.C. § 1292(a)(1), we have jurisdiction to review interlocutory orders that refuse injunctions, including orders that "do not expressly refuse an injunction but have the 'practical effect of doing so.'" *Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*, 151 F.4th 221, 227 (5th Cir. 2025) (*quoting Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981)). A district court's failure to timely rule on a motion for preliminary injunctive relief may amount to an "effective denial" when there is a legitimate basis for urgency, and the movant has been diligent in seeking expedited briefing and consideration, including requesting a ruling by a specific date. *Amazon.com Servs. LLC*, 151 F.4th at 227 (citing *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 533 (5th Cir. 2024)).

Here, none of Eriakha's several requests for expedited rulings on his motions for injunctive relief, including his last filing on December 12, 2025, seek a ruling by December 15, 2025. Although his December 12 filing states that his student status would change on December 15, it does not explain why he needed injunctive relief by that date. Because Eriakha has not shown that the district court "effectively denied" his motions for injunctive relief, we lack subject-matter jurisdiction over this appeal.

Nevertheless, even if we were to find that Eriakha's pro se filings could have been liberally construed as alleging a legitimate basis for urgency

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Case 2:25-cv-00763-MPM Document 19-3 Filed 01/26/26 Page 3 of 3
Case: 25-60708 Document: 263-1 Page: 3 Date Filed: 01/21/2026 931

No. 25-60708

and diligence, and that he has shown an effective denial of his motions for preliminary injunctive relief sufficient to invoke this court's jurisdiction, he has not shown a likelihood of success on the merits.

This appeal is DISMISSED for lack of subject-matter jurisdiction under 28 U.S.C. § 1291(a)(1). Alternatively, to the extent that subject-matter jurisdiction exists over this appeal, Eriakha's opposed motion for injunction pending appeal and alternative motion for an administrative stay are DENIED.