# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **OMOKHODION ALFRED ERIAKHA** | **PLAINTIFF** |
| v. | **NO. 3:25-CV-226-MPM-JMV** |
| **UNIVERSITY OF MISSISSIPPI, et al.** | **DEFENDANTS** |

*Consolidated With*

| | |
|---|---|
| **EHIREMEN BENNARD ERIAKHA** | **PLAINTIFF** |
| v. | **NO. 3:25-CV-250-MPM-JMV** |
| **UNIVERSITY OF MISSISSIPPI, et al.** | **DEFENDANTS** |

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR RESPONSE TO ALFRED'S MOTION FOR RECUSAL

Plaintiff Omokhodion Alfred Eriakha ("Alfred") has asked for the recusal of the currently assigned District Court Judge pursuant to 28 U.S.C. § 455(a). Alfred's Motion lacks any basis in law or fact, and it should be denied.

### LEGAL STANDARD

Alfred seeks recusal of the assigned Judge under 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[1]

> To obtain recusal under 28 U.S.C. § 455, "[t]he movant must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe* [*of La. v. Harry L. L. Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982)]. "A 'remote, contingent, or speculative' interest is not one 'which reasonably brings into question a judge's partiality.'" *Matter of Billedeaux*, [972 F.2d 104, 106 (5th Cir. 1992)] (*quoting In re Drexel Burnham Lambert, Inc.*,

---

[1] Alfred's Motion also references Section 455(b), which lists specific reasons for recusal, and 28 U.S.C. § 144, which allows litigants to submit an affidavit attesting to a presiding judge's personal bias or prejudice. However, Alfred concedes he cannot meet the standard for recusal under either of those sections. Brf., at 2-3 [Doc. 49].

861 F.2d 1307, 1313 (2d Cir. 1988), *cert. denied*, 490 U.S. 1102, 109 S. Ct. 2458, 104 L. Ed. 2d 1012 (1989)). Disagreement with a court's prior decisions is not a proper basis to seek recusal. *See Wiley v. Dep't of Energy*, No. CV 21-933, 2021 U.S. Dist. LEXIS 127116, 2021 WL 2853110, at *4 (E.D. La. July 8, 2021). "[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837, 93 S. Ct. 7, 34 L. Ed. 2d 50 (1972).

*Prewitt v. McDaniel*, No. 25-60225, 2025 U.S. App. LEXIS 29566, at *5-6 (5th Cir. Nov. 11, 2025). A recusal motion under Section 455 lies within the discretion of the District Judge. *Id*.

## ARGUMENT

Alfred's Motion is based entirely on his disagreement with the Court's "characterization" of the facts in its September 19, 2025, Order [Doc. 16] denying his Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction. That Order denied Alfred's TRO Motion because he "failed to certify in writing any efforts he made to provide the Defendants' notice of his motion for a temporary restraining order, nor did he provide reasons why notice and a hearing should not be required." [Doc. 16], at 4. The Order further held "[t]he Court shall not issue a preliminary injunction, *regardless of its merits*, without evidence the Defendants have notice of the motion for a preliminary injunction." *Id* (emphasis added). Alfred did not contend when he filed those motions, and he does not contend in the instant Motion, that those holdings were incorrect.

Even if he *did* contend that Defendants had been served with his TRO and PI motions by the time of the Court's September 19 Order (which he cannot, because they were not), Alfred's Motion does not explain how the Court's earlier rulings would cause a reasonable person to harbor doubts about the assigned Judge's impartiality.

Alfred's nitpicking of the September 19 Order's brief recitation of background facts fares no better. First, the Court expressly *did not* rule on the merits of Alfred's case or weigh any of the

2

facts asserted in his early motions. Second, as the Defendants had not yet responded to the Complaint or been served with those early motions, the Court's recitation of the facts could have come only from Alfred's own pleadings and the documents attached to them.

At best, Alfred disagrees with portions of the Court's September 19 Order. This disagreement is not a basis for recusal. *See Prewitt*, 2025 U.S. App. LEXIS 29566, at *5-6. Alfred articulates no reason why the assigned Judge's impartiality could reasonably be questioned.

## CONCLUSION

Plaintiff's Motion should be denied. Defendants request such other relief as the Court deems appropriate under the circumstances and specifically reserve the right to seek appropriate sanctions for future frivolous filings.

This, the 23rd day of January 2026.

    Respectfully submitted,

    **UNIVERSITY OF MISSISSIPPI, DR. YI YANG, DR. MARIE BARNARD, DR. ERIN HOLMES, DR. MEAGAN ROSENTHAL, DR. ANNETTE KLUCK, AND DR. JENNIFER SIMMONS**

    */s/ Paul B. Watkins, Jr.*
    PAUL B. WATKINS, JR. (MB No. 102348)
    *Their Attorney*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Telephone: (662) 236-0055
pwatkins@mayomallette.com

**CERTIFICATE OF SERVICE**

  I, Paul B. Watkins, Jr., the attorney for the Defendants, University of Mississippi, Dr. Yi Yang, Dr. Marie Barnard, Dr. Erin Holmes, Dr. Meagan Rosenthal, Dr. Annette Kluck, and Dr. Jennifer Simmons, do certify that I have electronically filed this document in the ECF system with the Clerk of the Court which sent notification of the filing to all attorneys of record and have forwarded a copy of this document via U.S. Mail and E-mail to the following:

    Omokhodion Alfred Eriakha
    1802 Jackson Avenue West, Apt. 83
    Oxford, MS 38655
    662-281-4676
    PRO SE

    Ehiremen Bennard Eriakha
    1802 Jackson Avenue West, Apt. 83
    Oxford, MS 38655
    662-281-4676
    PRO SE

  THIS, the 23rd day of January 2026.

            */s/ Paul B. Watkins, Jr.*
            PAUL B. WATKINS, JR. (MB NO. 102348)